UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY E. WALKER,<br><br>    Plaintiff,<br><br>    v.<br><br>MINA BESHARA; FNU LUU; DAVID ROBLESS; AUDRA KING; JOSH BERGER; FNU STEVEN; REBECCA KORNBLUSH,<br><br>    Defendants. | Case No. 1:20-cv-01050-HBK (PC)<br><br>Initial Screening Order directing plaintiff to file an amended complaint<br><br>(Doc. No. 1).<br><br>THIRTY-DAY DEADLINE<br><br>Order denying as moot (1) plaintiff's motion for defendants to answer; and (2) motion to compel<br><br>(Doc. Nos. 8, 10) |

Plaintiff Jeffrey E. Walker initiated this action by filing a *pro se* 42 U.S.C. § 1983 complaint on July 30, 2020 while detained at the Coalinga State Hospital.[1] (Doc. No. 1). The then-assigned magistrate judge granted plaintiff's motion for leave to proceed *in forma pauperis* on August 3, 2020. (Doc. No. 4). Also reviewed in this order are plaintiff's "motion for defendants to answer" filed October 20, 2020, and motion to compel filed on December 9, 2020. (Docs. Nos. 8, 10).

---

[1] This matter was reassigned to the undersigned on November 17, 2020. (Doc. No. 9).

1

**I. Screening Requirements and Standards of Review**

Under 28 U.S.C. § 1915(e)(2)(b)(ii), "[n]otwithstanding any filing fee, or any portion thereof that may have been paid, the court shall dismiss the case at any time if the court determines that – the action or appeal . . . is frivolous or malicious. . .[or] fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." *Id.* A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however in artfully pleaded, has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989); *Franklin*, 745 F.2d at 1227. A claim fails to state a claim upon which relief may be granted if it appears that the plaintiff can prove no set of facts in support of the claim that would entitle him to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Palmer v. Roosevelt Lake Log Owners Ass'n, Inc.*, 651 F.2d 1289, 1294 (9th Cir. 1981).

Section 1983 allows a private citizen to sue for the deprivation of a right secured by federal law. *See* 42 U.S.C. § 1983; *Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911, 916 (2017). To state a claim under § 1983, a plaintiff must show that a defendant acting under color of state law caused an alleged deprivation of a right secured by federal law. *See* 42 U.S.C. § 1983; *Soo Park v. Thompson*, 851 F.3d 910, 921 (9th Cir. 2017). The plaintiff can satisfy the causation requirement by showing either: (1) the defendant's "personal involvement" in the alleged deprivation or (2) a "sufficient causal connection" between the defendant's conduct as a supervisor and the alleged deprivation. *See King v. Cty. of Los Angeles*, 885 F.3d 548, 559 (9th Cir. 2018).

During screening, the court must accept the allegations of the complaint as true, *Hosp. Bldg. Co. v. Rex Hosp. Tr.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969); *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir.

2003) (the court must construe *pro se* pleadings liberally and afford the *pro se* litigant the benefit of any doubt). The court is not required to accept conclusory allegations as true, unreasonable inferences, or unwarranted deductions of fact. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

Plaintiff's claims must be facially plausible to survive screening, which requires sufficient factual detail to allow the court to reasonably infer that each named defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (quotation marks omitted); *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

A complaint must contain "a short and plain statement of the claim showing the pleader is entitled to relief. . .." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678 (citations omitted), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 556 U.S. at 678.

If the court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc); *Lucas v. Department of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). A district court should not, however, advise the litigant on how to cure the defects. Such advice "would undermine district judges' role as impartial decisionmakers." *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *see also Lopez*, 203 F.3d at 1131 n.13.

Finally, examples of immunity from relief for consideration during screening, include, but are not limited to, quasi-judicial immunity, sovereign immunity, or qualified immunity. Additionally, a plaintiff may not recover monetary damages absent a showing of physical injury.

3

*See* 42 U.S.C. § 1997e(e). In other words, to recover monetary damages, a plaintiff must allege physical injury that need not be significant but must be more than *de minimus*, except when involving First Amendment claims. *Oliver v. Keller*, 289 F.3d 623, 626-28 (9th Cir. 2002) (surveying other circuit courts for the first time to address injury requirement for monetary damages, and agreeing with the Second, Fifth, and Eleventh Circuits on Prison Litigation Reform Act's injury requirement).

## II. Plaintiff's Complaint

Plaintiff initiated this action as a civil detainee at Coalinga State Hospital, where he appears to be receiving mental health treatment. (*See generally* Doc. No. 1). Plaintiff names the following defendants: (1) Mina Beshara; (2) FNU Luu; (3) David Robless; (4) Audra King; (5) Josh Berer; (6) FNU Steven; and (7) Rebecca Kornbluh; (8) Treatment Team John and Jane Does; (9) Involuntary Medical Hearing John and Jane Does November- 2016; (10) Involuntarily Medical Hearing John and Jane Does- December 2016; and (11) David Avilla. (*Id.* at 1-2). All claims appear to stem from incidents plaintiff alleges occurred in 2016, approximately four years prior to when plaintiff initiated this action. (*See generally id.*). The complaint is comprised of 34 pages and includes 103 separate number averments. The averments are disjointed, rambling and confusing and appear in a diary-like fashion detailing various unrelated incidents plaintiff experienced at different points in time with different staff, or other patients, at Coalinga State Hospital.

To the extent discernable, it appears Plaintiff attempts to allege claims arising under the Eighth and/or Fourteenth Amendments, considering it appears Plaintiff is civilly detained, not criminally confined, follow his criminal detention at the CDCR. The incidents giving rise to the cause of action appear to stem from Plaintiff being forcefully medicated when defendants instead could have housed Plaintiff in a single cell or being placed in under 1:1 observation necessitating male officials to directly observe him around-the-clock. (*Id.* at 5-7, 10, 17) (alleging Plaintiff could not get any sleep with male staff observing him). Plaintiff repeatedly refers to "male staff lil watching him in bed etc." (*Id.* at 8). The "lil" to which Plaintiff refers is construed as 1:1 observation, which is a method of direct observation for mental health patients. Plaintiff states

4

defendants knew "plaintiff had a history of flash backs and reoccurring remembrance of past sexual abuse if left in certain predicaments resulting in plaintiff being taken out to the hospitals on numerous occasions for sexual exams." (*Id.* at 6).

Plaintiff claims that he has suffers from post-traumatic stress disorder from a previous sexual assault in prison which "triggers" him when he has male staff watching him, or when he sees Hispanic residents or staff, or gay staff, and causes him to experience anxiety attacks, chest pains, paranoia and results in him being administered psychotropic drugs against his will or taken to outside hospitals for examinations. (*Id.* at 7, 15). Thus, it appears these situations are those "certain predicaments" of which Plaintiff takes issue. Plaintiff includes details of his counseling sessions or "panel" interviews and admits that a state court order required that he be involuntarily medicated, and has a diagnosis of paranoia, bi-polar disorder and other mental health issues. (*Id.* at 23-25). Plaintiff acknowledges that during a three-year time span when he was housed in a single cell, he was not triggered and did not require forced medication, or to be transported for rape examinations. (*Id.* at 20). As relief, Plaintiff seeks monetary damages and any other relief the Court deems appropriate. (*Id.* at 31).

**III. Discussion**

**A. Fed. R. Civ. P. 8**

The Complaint is difficult to decipher and confusing. It is devoid of sufficient factual support showing a causal connection between each of the named defendants and any alleged constitutional deprivations. The complaint names more than a dozen defendants, but lacks enough facts describing the who, what, where, when, and why of plaintiff's claims. The complaint includes unrelated incidents against numerous unrelated defendants, based on separate factual scenarios that occurred at different times. Peppered throughout the complaint are conclusory claims that various named defendants failed to protect plaintiff but fails to state from who or what plaintiff needed protected. While it may be possible that plaintiff has a claim sounding in medical deliberate indifference, or a cruel and unusual conditions of confinement claim, relating to the forceful application of psychotropic medication to him against his will when a simple solution appears to be a single cell, or direct observation by female staff only, the current

5

complaint as written currently fails to state a claim because it appears various treating mental health professionals had a difference of opinion in how best to treat Plaintiff.

While the Eighth Amendment entitles plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs. *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012), *overruled in part on other grounds*, *Peralta v. Dillard*, 744 F.3d 1076, 1082-83 (9th Cir. 2014); *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012). To state a claim for medical deliberate indifference, plaintiff must allege that the medical need was "serious" by demonstrating that a failure to treat "could result in further significant injury or the unnecessary and wanton infliction of pain." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal quotation marks and citations omitted). And plaintiff must show that defendants' response was deliberately indifferent by alleging that "the course of treatment the [medical officials] chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to the plaintiff's health." *Hamby v. Hammond*, 821 F.3d 1085, 1092 (9th Cir. 2016).

Deliberate indifference is a higher standard than medical negligence or malpractice, and a difference of opinion between medical professionals—or between a physician and the prisoner—generally does not amount to deliberate indifference. *See generally Toguchi v. Chung*, 391 F.3d 1051 (9th Cir. 2004). Misdiagnosis alone is not a basis for a claim, *see Wilhelm v. Rotman*, 680 F.3d 1113, 1123 (9th Cir. 2012), and a "mere delay" in treatment, "without more, is insufficient to state a claim of deliberate medical indifference," *Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985). Plaintiff must show that a delay "would cause significant harm and that Defendants should have known this to be the case." *Hallett v. Morgan*, 296 F.3d 732, 746 (9th Cir. 2002). A decision to avoid more effective medical treatment without a basis of professional judgment and instead based solely on cost may amount to deliberate indifference. *Estelle*, 429 U.S. at 104; *see also Johnson v. Doughty*, 433 F.3d 1001, 1019 (7th Cir. 2006) (discussing that cost-based decisions may amount to deliberate indifference in prisoner medical cases).

In addition to the law set forth above, if plaintiff chooses to file an amended complaint, he must be mindful of some general pleading requirements in filing an amended complaint. The amended complaint must be a complete document and must not refer to the initial complaint. *See* Local Rule 220 (E.D. Cal. 2019). The requirement exists because an amended complaint supersedes the original complaint and becomes the only operative complaint.

Plaintiff should name only those defendants he believes participated in the alleged wrongdoing at issue. Here, plaintiff names many defendants, including the unidentified teams of individuals who decided to involuntarily medicate him. If he chooses to amend, plaintiff must name only those defendants who are alleged to have participated in the alleged wrongdoing to him and allege facts showing a causal link between the named defendant and the alleged constitutional violation. As set forth above, vague and conclusory allegations are not enough. To the extent Plaintiff believes he sets forth a failure to protect claim, the Complaint is entirely unclear who failed to protect him and what defendant(s) did not protect him from. It's clear the sexual assault Plaintiff speaks of occurred years before while he was confined at a CDCR facility.

Finally, the Federal Rules of Civil Procedure permit a complaint to include all *related claims* against a party and permit joinder of all defendants alleged to be liable for the "same transaction, occurrence, or series of transactions or occurrence" where "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 18(a) and 20(a)(2). But the Rules do not permit conglomeration of unrelated claims against unrelated defendants in a single lawsuit. Unrelated claims must be filed in separate lawsuits.

**B. Other motions**

Plaintiff filed a motion for defendants to "answer the complaint and to select a judge," and a motion to compel seeking an order directing the U.S. Marshal to serve his complaint. (*See* Doc. Nos. 8, 10). The basis for plaintiff's motions are understandable considering the instant case was filed in July 2020. However, plaintiff should note that the Eastern District of California, including the undersigned, has an extremely heavy docket caseload, as further evidenced by the Standing Order in Light of Ongoing Judicial Emergency issued in this district. Nevertheless, defendants are not required to respond to a complaint until the court screens the complaint and

until the court directs plaintiff to complete service of process forms and/or directs service of process. As described herein, plaintiff is permitted to file an amended complaint so he may attempt to sure his pleading deficiencies. Thus, plaintiff's motions are denied as moot at this time based on the instant order.

Accordingly, it is **ORDERED**:

1. Within thirty (30) days from the date on this order, plaintiff shall file an amended complaint on the attached civil rights complaint form.

2. Plaintiff's motion for defendants to answer the complaint and to select a judge, and motion to compel seeking an order directing the U.S. Marshal to serve his complaint (Doc. Nos. 8, 10) are **denied as moot**.

3. The Clerk of Court shall provide plaintiff a complaint form marked "Amended Complaint" bearing the instant case number for plaintiff's use to file an amended complaint.

4. Plaintiff's failure to timely comply with this order will result the recommendation that this case be dismissed, without prejudice, for failure to comply with the court's order.

IT IS SO ORDERED.

Dated:  May 27, 2021

HELENA M. BARCH-KUCHTA  
UNITED STATES MAGISTRATE JUDGE