UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY WALKER, | Case No. 1:20-CV-1050-NONE-HBK (PC) |
| Plaintiff, | ORDER DENYING MOTION TO RECUSE |
| v. | (Doc. No. 25) |
| MINA BESHARA, ET. AL., | ORDER DENYING PLAINTIFF'S MOTION FOR HOSPITAL TO PROVIDE ENVELOPES |
| Defendants. | (Doc. No. 28) |
| | ORDER DIRECTING CLERK TO PROVIDE THIS ORDER TO LITIGATION COORDINATOR AT COALINGA STATE HOSPITAL |
| | ORDER DIRECTING OFFICIAL AT COALINGA TO CONFIRM WHETHER PLAINTIFF IS CIVILLY DETAINED OR A PRISONER |

Pending before the Court is Plaintiff's motion requesting the Court to direct officials at Coalinga State Hospital to provide him with envelopes for mailing legal mail to the Court filed June 9, 2021 (Doc. No. 28). Plaintiff claims an official is refusing to provide him with envelopes for "urgent deadline mailing" in "retaliation" for him filing a lawsuit against staff friends. (Doc. No. 28). The First Amendment to the United States Constitution protects individuals' access to

the courts.  *See Bounds v. Smith,* 430 U.S. 817, 821 (1977); *Lewis v. Casey*, 518 U.S. 343 (1996). Plaintiff has a constitutionally protected right of access to courts guaranteed by the Fourteenth Amendment.  *Bounds,* 430 U.S. at 821.  Implicit within this right of access to courts is the right to have access to adequate law libraries or legal assistance from trained individuals.  *Id.* at 828 (emphasis added) (footnote omitted).  Precedent "does not dictate a minimum number of hours or any other requirement for satisfying the right of access" to them.  *Witkin v. Swarthout*, 2013 WL 6054451, at *2 (E.D. Cal. Nov. 15, 2013).  A limitation on an inmate's access to copy machines is "ordinary" and permissible as long as some access is allowed.  *Ramirez v. Yates*, 571 F.3d 993, 998 (9th Cir. 2009).  Because there is no established minimum requirement for satisfying the access requirement; "a reviewing court should focus on whether the individual plaintiff before it has been denied meaningful access."  *Sands v. Lewis,* 886 F.2d 1166, 1169 (9th Cir. 1989) (internal quotations omitted).  Here, a review of the docket shows Plaintiff has not been denied meaningful access to the court.  Nor is Plaintiff under any current court-ordered deadlines as of the date on this order.

Plaintiff represents to the Court that he is a patient at Coalinga State Hospital and as a result appears to be civilly detained, as opposed to criminally confined.  For clarification purposes, the Court requests an official at Coalinga State Hospital to provide notice to the Court within fourteen (14) days from receipt of this Order confirming Plaintiff's status: mainly whether Plaintiff is civilly confined or whether he is criminally confined.

Accordingly, it is **ORDERED**:

1. Plaintiff's construed motion for the undersigned to recuse herself (Doc. 25) is DENIED.

2. Plaintiff's motion requesting the Court direct officials at Coalinga State Hospital to provide him with envelopes for mailing legal mail (Doc. No. 28) is **DENIED**.

3. The Clerk of Court shall provide a copy of this order to the litigation coordinator at Coalinga State Hospital and confirm same on the docket.

4. Within **fourteen (14) days** from receipt of this Order, an official from Coaling State Hospital shall file a Notice advising the Court as to Plaintiff's status, whether he is criminally

confined or civilly detained at the institution.

Dated:     August 20, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE