UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY E. WALKER,<br><br>    Plaintiff,<br><br>    v.<br><br>DR. MINA BESHARA; DAVID ROBLES, FNU LUU; AUDRA KING; JOSH BERGER; REBECCA KORNBLUSH; DAVID AVILA; ED FERNANDEZ,<br><br>    Defendants. | Case No.  1:20-cv-01050-NONE-HBK (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTIONS FOR A TEMPORARY RESTRAINING ORDER<br><br>(Doc. Nos.  29, 30, 31)<br><br>FOURTEEN-DAY OBJECTION PERIOD |

Plaintiff Jeffery E. Walker initiated this action as a civil detainee at Coalinga State Hospital and is proceeding *pro se* on his First Amended Complaint filed on June 9, 2021 pursuant to 42 U.S.C. § 1983.[1]  (Doc. Nos. 26, 34).   Pending before the Court are Plaintiff's following motions: motion for order to show cause for a temporary restraining order, attaching as an exhibit a copy of the Section-Vocational Services Operating Manual for Coalinga (Doc. No. 29), motion for a temporary restraining order (Doc. No. 30), and motion for injunction and for temporary restraining order (Doc. No. 31).   Based on the November 8, 2021 notice of change of address, Plaintiff is no longer confined at Coalinga State Hospital but has been transferred to the San

---

[1] As directed in the Court's initial screening order entered May 27, 2021, Plaintiff filed a FAC.  (Doc. No. 26).  A screening order on the FAC will be issued in due course.

Francisco County Jail.  (Doc. No. 38).

For the reasons discussed below, primarily that the Court lacks personal jurisdiction over the defendants, Plaintiff's motions seek relief from conditions of confinement at Coalinga and Plaintiff has been transferred from Coalinga to the San Francisco County Jail, and there is no nexus between relief sought in the motions and the claims raised in the operative First Amended Complaint, the undersigned recommends the district court deny Plaintiff's motions for a preliminary injunction or temporary restraining order.

## I. BACKGROUND

### A. First Amended Complaint

On May 27, 2021 the Court issued a screening order under § 1915(e)(2)(b)(ii) and attached the § 1983 complaint form for Plaintiff to utilize to amend his complaint.  (Doc. No. 21).  At screening, the court noted that the incidents giving rise to the case appeared to stem from Plaintiff being forcefully medicated, when Defendants instead could have housed Plaintiff in a single cell, and from being placed under 1:1 observation, necessitating male officers to directly observe him around-the-clock.  (*Id.* at 4) (citing Doc. No. 1 at 5-7, 10, 17) (alleging Plaintiff could not get any sleep with male staff observing him).  Plaintiff claims he suffers post-traumatic stress disorder from a previous sexual assault that occurred in prison which "triggers" him whenever male staff is watching him, or when he sees Hispanic residents or staff, or gay staff, and causes him to experience anxiety attacks, chest pains, paranoia and results in him being administrated psychotropic drugs against his will or taken to outside hospitals for examinations.  (*Id.* at 5) (citing Doc. No. 1 at 7, 15).  Because the Complaint did not comply with Federal Rule of Civil Procedure 8 and appeared to raise unrelated claims, the Court directed Plaintiff to file an amended complaint following the rules and noting that unrelated claims must be raised in different actions.  (*Id.* at 7).

On May 27, 2021, the undersigned also issued a Findings and Recommendations recommending the district court deny Plaintiff's prior motions for temporary restraining orders or preliminary injunctions.  (Doc. Nos. 21, 23) (denying Plaintiff's motions for temporary restraining orders at Doc. Nos. 11, 12, 18).  The district court adopted the Findings and

2

Recommendations in full on September 22, 2021.  (Doc. No. 35).

In the interim, Plaintiff filed his First Amended Complaint ("FAC") on June 9, 2021, consisting of 28 pages.  (Doc. No. 26).  The FAC, which is the operative pleading, alleges Plaintiff is in "imminent danger."  (*Id.* at 1).  The FAC identifies three claims for relief.  The first claim relates to Plaintiff receiving forced psychotropic medication instead of being housing in a single cell.  (*Id.* at 5-19).  The second claim relates to an incident where Plaintiff alleges Coalinga staff used excessive force on him, including use of five-point restraints, instead of providing the type of psychiatric care Plaintiff preferred and he claims he needed while he was experiencing a mental crisis.  (*Id.* at 20-24).  The third claim alleges retaliation by various staff members because Plaintiff has had successful lawsuits.  (*Id.* at 25-27).  As relief Plaintiff seeks monetary damages.  (*Id.* at 28).

**B.  Plaintiff's Instant Motions**

All three of the motions were filed quickly in succession.  Plaintiff's first and second motions for a temporary restraining order were filed simultaneously on June 21, 2021.  (Doc. Nos. 29, 30).  Plaintiff's first motion titled "motion for order to show cause" is directed at Christi Beeler, a staff person at Coalinga State Hospital who is not named as a defendant and who Plaintiff states tried to have him fired from his job as an "IT worker janitor."  (*See generally* Doc. No. 29 at 2-55).  More specifically, Plaintiff states Beeler is attempting to enforce an "outdated" policy that permitted detainees to hold a position for only two years.  (*Id.* at 5).  Plaintiff attaches Coalinga State Hospital's operating manual on vocational services to his motion.  (*Id.* at 12-18).

Plaintiff's second motion is styled for the superior court in the county and city of Fresno but contains similar allegations to the first motion regarding Plaintiff's concern that he might lose his IT job.  (Doc. No. 30 at 1-11).  Like his first motion, the second motion contains the Coalinga State Hospital's operating manual on vocation services (*id.* at 12-18), but also includes an April 23, 2021 response to a different Coalinga resident's grievance concerning job re-assignment after holding the position for two years, (*id*. at 20), resident grievances concerning the same matter (*id.* at 21-24), and copies of Plaintiff's pleadings in other cases or orders from other courts, including, but not limited to a motion from case number 1:16-cv-1417-JLT, identifying Kristi Wheeler as a

3

defendant, a first amended complaint in case number 1:21-cv-740-EPG naming Brian Cates as a defendant, and a copy of a decision and order concerning a public censure against a superior court judge (*id.* at 25-77).

Plaintiff's third motion for a temporary restraining order, although not the model of clarity, also pertains to the IT job loss. (Doc. No. 31). Plaintiff attaches to that motion emails from attorney Erwin Fredrich, who appears to represent Plaintiff in his underlying civil commitment proceedings but contacted Coalinga officials "as a courtesy" about Plaintiff's "IT job status." (*Id.* at 8).

## II. APPLICABLE LAW

Federal Rule of Civil Procedure 65 governs injunctions and restraining orders, and requires that a motion for temporary restraining order include "specific facts in an affidavit or a verified complaint [that] clearly show that immediate, and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," as well as written certification from the movant's attorney stating "any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b).

Temporary restraining orders are governed by the same standard applicable to preliminary injunctions, with the exception that preliminary injunctions require notice to the adverse party. *See Cal. Indep. Sys. Operator Corp. v. Reliant Energy Servs., Inc.,* 181 F.Supp.2d 1111, 1126 (E.D. Ca. 2001); *see also* Fed. R. Civ. P. 65(a). Eastern District of California Local Rule 231, however, requires notice for temporary restraining orders as well, "[e]xcept in the most extraordinary of circumstances," and the court considers whether the applicant could have sought relief by motion for preliminary injunction at an earlier date. Local Rule 231(a)-(b) (E.D. Cal. 2019). A temporary restraining order "should be restricted to serving [its] underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 439 (1974).

A temporary restraining order is "an extraordinary remedy" and may be issued only if Plaintiff establishes: (1) likelihood of success on the merits; (2) likelihood of irreparable harm in

4

the absence of preliminary relief; (3) that the balance of equities tips in his/her favor; (4) that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Plaintiff bears the burden of clearly satisfying all four prongs. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). A TRO will not issue if Plaintiff merely shows irreparable harm is possible – a showing of likelihood is required. *Id.* at 1131. The Ninth Circuit also has a second test, holding that a party requesting relief is entitled to a preliminary injunction if it demonstrates: (1) a combination of probable success on the merits and the possibility of irreparable injury or (2) that serious questions are raised and the balance of hardships tips sharply in its favor. *Zepeda v. U.S. Immigr. & Naturalization Serv*, 753 F.2d 719, 727 (9th Cir. 1985); *see also McKinney v. Hill*, 925 F.2d at 1470 (9th Cir. 1991) (noting same).

Significant, and applicable here, is that a federal court does not have personal jurisdiction over the parties and subject matter jurisdiction over the claim if no defendant has been served in the action. *Zepeda*, 753 F.2d at 727 (9th Cir. 1985) (if no defendant has been served with process then injunctive relief is premature).

The injunctive relief an applicant requests must relate to the claims brought in the complaint. *See Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015) ("When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction."). Absent a nexus between the injury claimed in the motion and the underlying complaint, the court lacks the authority to grant Plaintiff any relief. *Id.* at 636.

### III. DISCUSSION

Having reviewed Plaintiff's three-related motions, the undersigned does not find Plaintiff has satisfied his burden to warrant issuance of this extraordinary remedy. As a threshold matter, Plaintiff has not complied with Local Rule 231(d). There is no showing of actual or attempted notice, and other than requesting the relief, Plaintiff fails to provide any briefing, other than conclusory statements, on the implicated legal issues. Nor does Plaintiff provide any affidavits attesting to imminent irreparable harm or include a proposed order that includes a provision for bond.

Further, the Court does not have personal jurisdiction or subject matter jurisdiction over Defendants, because Defendants have not received service of process. *See Zepeda v. U.S. Immigr. & Naturalization Serv.*, 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court."). The FAC remains subject to the screening provisions of § 1915A. Additionally, as noted above, Plaintiff was transferred to the San Francisco County Jail. (*Supra* at 1-2) (citing Doc. No. 38). Because the relief Plaintiff seeks stems from incidents arising at Coalinga State Hospital, his transfer to the county jail arguably moots his motions. *See Lear v. Manasrah*, 2017 WL 781499 * (E.D. Cal. Feb. 28, 2017) (absent facts suggesting a plaintiff will be transferred back to defendant's custody, the plaintiff's requests for injunctive relief are moot); *James v. Scribner*, 2006 WL 903576 *1 (E.D. Cal. April 6, 2006) (citations omitted) (finding plaintiff's motion for preliminary injunction moot based on his transfer because inmate was no longer subjected to challenged conditions). Finally, the FAC raises three claims, and none of the claims pertain to Plaintiff's job loss at issue, which is the subject of the three-related motions. And the motions are directed at an individual not named as a defendant in the FAC. Because there is no nexus because the injury complained of in the FAC and the instant motions, the Court cannot grant relief. *Pac. Radiation Oncology, LLC*, 810 F.3d at 633.

In summary, the undersigned finds this is not an extraordinary circumstance warranting the issuance of a temporary restraining order, or preliminary injunction, and recommends for all the reasons set forth above that the district court deny Plaintiff's motions for a temporary restraining order.

Accordingly, it is **RECOMMENDED**:

Plaintiff's motions for a temporary restraining order or a preliminary injunction (Doc. Nos. 29, 30, 31) be DENIED.

## NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen

(14) days after being served with these findings and recommendations, a party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:     December 10, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE