UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY E. WALKER,<br><br>            Plaintiff,<br><br>      v.<br><br>DR. MINA BESHARA, ET. AL.,<br><br>            Defendants. | Case No.  1:20-cv-1050-JLT-HBK<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>(Doc. 47) |

    Before the Court is Plaintiff's motion for reconsideration, filed on February 14, 2022. (Doc. 47.) Plaintiff seeks reconsideration of the January 7, 2022, order adopting the findings and recommendations to deny Plaintiff's motions for a preliminary injunction. (*Id*. at 1; *see also* Docs. 42, 43.) Plaintiff contends the Court erroneously concluded that he filed no objections to the findings and recommendations. (Doc. 47 at 1.) Plaintiff points to exhibits included with his motion for reconsideration, including a December 21, 2021, "Memo to a Prisoner" from jail officials detailing documents mailed. (*Id.* at 2, 4-5.) Also attached to the motion appears to be a copy of the objections Plaintiff intended to submit. (*Id.* at 9-24.).

    The Court construes the motion as one filed under Federal Rule of Civil Procedure 60(b), which allows the Court to provide relief from a final judgment, order, or proceeding for the following reasons:

        (1) mistake, inadvertence, surprise, or excusable neglect;

      (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

      (3) fraud (whether previously called intrinsic or extrinsic) misrepresentation, or misconduct by an opposing party;

      (4) the judgment is void;

      (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

      (6) any other reason that justifies relief.

Motions to reconsider are committed to the discretion of the trial court. *Barber v. Hawaii*, 42 F.3d 1185, 1198 (9th Cir. 1994). When filing a motion for reconsideration, Local Rule 230(j) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

      Plaintiff has not established a sufficient reason under Rule 60 to warrant reconsideration of the January 11, 2021, order. Though it appears, based on the memo dated December 21, 2021 from the San Francisco County Jail that Plaintiff timely mailed objections to the Court in this case, the objections were not received. (*See* docket.) Even if the Court had received Plaintiff's objections, the result would have been the same. Plaintiff's objections primarily re-assert the allegations contained in his motions for injunctive relief. (*Compare* Doc. 47 at 9-24 *with* Docs. 29, 30, 31.) In pertinent part, Plaintiff initiated the action while detained at Coalinga State Hospital concerning his conditions of confinement but was later transferred to the San Francisco County Jail. Among other things, the findings and recommendations correctly indicated that there is no nexus between the injury complained of in the FAC and Plaintiff's injunctive relief requests, so the Court could not grant relief. (*Id.* at 2, 6-7.) Plaintiff's objections do not meaningfully challenge this central conclusion.

      Accordingly, for the reasons set forth above, Plaintiff's motion for reconsideration (Doc. 47) is DENIED.

IT IS SO ORDERED.

Dated:   **April 12, 2022**

                                                 UNITED STATES DISTRICT JUDGE