UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY E. WALKER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DR. MINA BESHARA, ET AL.,<br><br>　　　　　Defendants. | Case No. 1:20-cv-01050-JLT-HBK (PC)<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR MISCELLANEOUS RELIEF<br><br>(Doc. No. 51) |

　　　　Pending before the Court is Plaintiff's untitled pleading wherein, he requests a ruling on the amended complaint, to conduct discovery, access to a typewriter, and access to electronic case filing. (Doc. No. 51). The Court construes the untitled pleading as a motion seeking miscellaneous relief. Plaintiff Jeffrey Walker, proceeding pro se and *in forma pauperis*, initiated this action while he was a civil detainee by filing a pro se civil rights complaint under 42 U.S.C § 1983. (Doc. No. 1). Plaintiff is proceeding on his First Amended Complaint. (Doc. No. 26, "FAC"). For the reasons stated herein, the undersigned grants in part and denies the various requests.

　　　　1.　Ruling on Amended Complaint

　　　　District courts possess inherent authority not governed "by rule or statute, but by control necessarily vested in courts to manage their own affairs so as to achieve the orderly and

1

expeditious disposition of cases." *Dietz v. Bouldin*, 579 U.S. 40, 45 (2016) (citations omitted). And while this Court endeavors to handle all matters as expeditiously as possible, it has "one of the heaviest caseloads in the nation" and operates under a declared judicial emergency due to unfilled judicial vacancies, which is further exacerbated by the Covid-19 pandemic. *See* Amended Standing Order in Light of Ongoing Judicial Emergency in the Eastern District of California. This order effectively grants Plaintiff's motion to the extent the Court acknowledges Plaintiff's FAC is pending and requires screening.

　　　　2. Request for Discovery

Plaintiff requests "the right to conduct discovery in order to amend to add or correct any names, and to gather evidence to support claims." (Doc. No. 51 at 1). In the interest of judicial economy, the Court typically does not order discovery until the operative complaint has been screened and any Defendants have answered the complaint. *See Hernandez v. Williams*, No. 2:17-cv-0583 MCE AC P, 2019 WL 5960089 (S.D. Cal. April 27, 2022). Because screening of Plaintiff's FAC remains pending, the Court finds that plaintiff's request for discovery is premature. Accordingly, Plaintiff's request for discovery is **denied without prejudice.**

　　　　3. Access to a Typewriter

Plaintiff requests access to a typewriter based on his hand injury, which requires his use of a brace. (Doc. No. 51 at 1). Prisoners have a constitutional right of access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 346 (1996); *Bounds v. Smith*, 430 U.S. 817, 821 (1977), *limited in part on other grounds by Lewis*, 518 U.S. at 354. However, there is no Constitutional right to use a typewriter. *Lindquist v. Idaho State Bd. of Corrections,* 776 F.2d 851, 858 (9th Cir.1985). Further, Plaintiff's request for a typewriter is procedurally deficient because Plaintiff does not "state with particularity the grounds for seeking the order[.]" Fed. R. Civ. P. 7(b)(1)(B). Accordingly, the Plaintiff's request for access to a typewriter is **denied**.

　　　　4. Access to Electronic Filing

Last, Plaintiff requests access to the court's electronic case filing. (Doc. No. 51 at 2). The Court utilizes a case management electronic case filing system (CM/ECF) which requires attorneys to adhere to electronic procedures in the Court's Local Rules to file documents

electronically. L.R. 133(a). Pro se parties are specifically exempted, and indeed prohibited, from utilizing electronic filing unless granted permission from the assigned Judge or Magistrate Judge. L.R. 133(b)(2); L.R. 183(c). Any requests from an exempted party to utilize electronic filing "shall be submitted as stipulations as provided in L.R. 143." L.R. 133(b)(3). If a stipulation cannot be obtained, the moving party shall include in his request "an explanation of the reasons for the exception." *Id*.

While the Court acknowledges Plaintiff cannot obtain a stipulation since no Defendant has been served, he does not include a sufficient explanation as to why he should be exempted from the Court's Local Rules. Plaintiff offers one conclusory sentence that he has a record of documents and filings being destroyed but does not elaborate any further. Such conclusory statement without further explanation is insufficient. Indeed, the docket reflects the Court has received multiple filings from Plaintiff and it does not appear Plaintiff is hampered in his ability to litigate this case because he does not have access to the Court's electronic case filing.

Accordingly, it is **ORDERED**:

Plaintiff's construed motion for miscellaneous relief is GRANTED to the limited extent the Court acknowledges Plaintiff's FAC requires screening. In all other respects, the motion is DENIED.

Dated:   March 30, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE