1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11    JEFFREY E. WALKER,                      Case No. 1:20-cv-01050-JLT-HBK (PC)

12                      Plaintiff,            FINDINGS AND RECOMMENDATIONS TO
                                             DISMISS ACTION WITHOUT PREJUDICE[1]
13           v.
                                             FOURTEEN-DAY DEADLINE
14    MINA BESHARA, et al.,

15                      Defendants.

16

17          Plaintiff Jeffery E. Walker, a current county jail inmate, is proceeding pro se in this civil

18   rights action.  For the reasons set forth below, the undersigned recommends the District Court

19   dismiss this action because Plaintiff has failed to comply with a court order and prosecute this

20   action despite being provided multiple extensions of time.

21                                       **BACKGROUND**

22          Plaintiff initiated this action by filing a civil rights complaint under 42 U.S.C. § 1983

23   while he was a civil detainee in Coalinga State Hospital.  (Doc. No. 1, "Complaint").  The

24   undersigned issued a screening order pursuant to 28 U.S.C. § 1915(e)(2)(b) finding Plaintiff's

25   Complaint failed to state a claim.  (Doc. No. 21).  Plaintiff timely filed a First Amended

26   Complaint.  (Doc. No. 26, "FAC").  The undersigned screened Plaintiff's FAC and found that it

27

28   _____
     [1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Ca.
     2022).

1  also failed to state any cognizable claim.  (Doc. No. 53).  Plaintiff was given three options to

2  exercise within twenty-one (21) days of the April 4, 2023 Order: (1) file a Second Amended

3  Complaint ("SAC"); (2) file a notice that he intends to stand on his FAC subject to the

4  undersigned recommending the district court dismiss for reasons stated in the April 4, 2023

5  Screening Order; or (3) file a notice to voluntarily dismiss this action, without prejudice, under

6  Federal Rule of Civil Procedure 41(a)(1) because no defendant had yet been served.  (*Id.* at 13-

7  14).  The Court expressly warned Plaintiff that if he "fails to timely respond to this Court Order or

8  seek an extension of time to comply" the undersigned "will recommend that the district court

9  dismiss this case as a sanction for Plaintiff's failure to comply with a court order and prosecute

10  this action."  (*Id.* at 14).  The undersigned granted Plaintiff two extensions of time to respond to

11  the April 4, 2023 Screening Order, with a final deadline of July 14, 2023 to deliver his response

12  to correctional officials for mailing.  (Doc. Nos. 56, 59).  The deadline to file a response has

13  elapsed and Plaintiff has not elected any of the three options or moved for a further extension of

14  time.[2]  (*See generally* docket).

15  **APPLICABLE LAW AND ANALYSIS**

16  **Rule 41 Legal Standard**

17       Federal Rule of Civil Procedure 41(b) permits the court to involuntarily dismiss an action

18  when a litigant fails to prosecute an action or fails to comply with other Rules or with a court

19  order.  *See* Fed. R. Civ. P. 41(b); *see Applied Underwriters v. Lichtenegger*, 913 F.3d 884, 889

20  (9th Cir. 2019) (citations omitted).  Similarly, the Local Rules, corresponding with Federal Rule

21  of Civil Procedure 11, provide, "[f]ailure of counsel or of a party to comply with … any order of

22  the Court may be grounds for the imposition by the Court of any and all sanctions … within the

23  inherent power of the Court." E.D. Cal. L.R. 110.  "District courts have inherent power to control

24  their dockets" and, in exercising that power, may impose sanctions, including dismissal of an

25  action.  *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).  A

26

27  [2] Plaintiff is currently incarcerated in the San Francisco Jail.  (Doc. No. 38).  As of the date of these Findings and Recommendations, 14 days has passed since the date Plaintiff was instructed that he must

28  deliver his response to correctional officials for mailing.  Thus, the undersigned waited a sufficient time to account for mailing before issuing these Findings and Recommendations.

court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g.*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules). In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson*, 779 F.2d at 1423; *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

The undersigned considers each of the above-stated factors and concludes dismissal is warranted in this case. As to the first factor, the expeditious resolution of litigation is deemed to be in the public interest, satisfying the first factor. *Yourish v. California Amplifier*, 191 F.3d 983, 990-91 (9th Cir. 1999).

Turning to the second factor, the Court's need to efficiently manage its docket cannot be overstated. This Court has "one of the heaviest caseloads in the nation," and due to the delay in filling judicial vacancies, which was further exacerbated by the COVID-19 pandemic, operates under a declared judicial emergency. *See* Amended Standing Order in Light of Ongoing Judicial Emergency in the Eastern District of California. The Court's time is better spent on its other matters than needlessly consumed managing a case with a recalcitrant litigant. The Court cannot effectively manage its docket if a plaintiff ceases to litigate his case. Thus, the Court finds that both the first and second factors weigh in favor of dismissal.

Delays inevitably have the inherent risk that evidence will become stale or witnesses' memories will fade or be unavailable and can prejudice a defendant, thereby satisfying the third factor. *See Sibron v. New York,* 392 U.S. 40, 57 (1968). Thus, the third factor, risk of prejudice to defendant, also weighs in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air W*., 542 F.2d 522, 524 (9th Cir. 1976). Plaintiff's inaction amounts to an unreasonable delay in prosecuting this action,

3

weighing in favor of dismissal for a risk of prejudice to defendants.

Finally, the fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted). Indeed, "trial courts do not have time to waste on multiple failures by aspiring litigants to follow the rules and requirements of our courts." *Pagtalunan*, 291 F.3d at 644 (Trott, J., concurring in affirmance of district court's involuntary dismissal with prejudice of habeas petition where petitioner failed to timely respond to court order and noting "the weight of the docket-managing factor depends upon the size and load of the docket, and those in the best position to know what that is are our beleaguered trial judges."). Further, the Court's April 4, 2023 screening order found the operative pleading failed to state any cognizable claim. (*See* Doc. No. 53).

Finally, the Court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. Both the Court's April 4, 2023 and June 10, 2023 Orders expressly warned Plaintiff that his failure to comply with the Court's order would result in the undersigned recommending the district court to dismiss this action for Plaintiff's failure to comply with a court order and prosecute this case. (*See* Doc. No. 53 at 14, ¶ 2, 59 at 2, ¶ 2). Thus, Plaintiff had adequate warning that dismissal could result from his noncompliance. And the instant dismissal is a dismissal *without* prejudice, which is a lesser sanction than a dismissal with prejudice, thereby addressing the fifth factor.

After considering the factors set forth *supra* and binding case law, the undersigned recommends dismissal, without prejudice, under Fed. R. Civ. P. 41 and Local Rule 110.

Accordingly, it is **RECOMMENDED**:

This action be DISMISSED without prejudice for Plaintiff's failure to obey court orders and failure to prosecute.

**NOTICE**

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  **Within 14 days of the date of service** of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff's failure to file objections within the specified time may result in waiver of his rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).


Dated:   July 28, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE