# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY WALKER, | Case No.: 1:20-cv-01050 JLT HBK (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 59(e) |
| v. | (Doc. 63) |
| MINA BESHARA, et al., | |
| Defendants. | ORDER DENYING AS MOOT PLAINTIFF'S MOTION TO REOPEN CASE AND MOTION TO EXPEDITE |
| | (Docs. 64, 65) |

The Court entered judgment in this matter on September 6, 2023, following the Court's dismissal of Plaintiff's claims for failure to prosecute. (Docs. 60, 61, 62.) Plaintiff now moves to reopen the case and for an extension of time to file a Second Amended Complaint. (Doc. 63 at 1.) Because the motion was filed within 28 days of the final judgment, the Court construes the motion as made pursuant to Federal Rule of Civil Procedure 59(e) to modify the judgment. Also pending are a Motion to Reopen Case (Doc. 64) and Motion to Expedite (Doc. 65), which echo Plaintiff's Rule 59(e) motion.

Federal Rule of Civil Procedure 59(e) permits a party to move a court to alter or amend its judgment. "A district court may grant a Rule 59(e) motion if it is presented with newly discovered evidence, committed *clear error*, or if there is an intervening change in the controlling law." *Wood v.*

1

*Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014) (internal quotation marks, citation omitted) (emphasis in original). Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Ultimately, whether to grant or deny a motion for reconsideration is in the "sound discretion" of the district court. *Navajo Nation v. Norris*, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing *Kona*, 229 F.3d at 883). A Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008) (internal quotation marks omitted).

Plaintiff does not dispute the underlying facts and analysis concerning his failure to prosecute this action, which formed the basis of the Court's order. (*See generally* Doc. 63.) Rather, Plaintiff contends that due to extenuating circumstances, including lack of access to the law library, medical problems, competing court deadlines, mail delays, and lack of access to a facility-issued tablet, he was unable to timely file a response to the Court's prior orders or seek a further extension of time. (*Id*. at 1-5.) In effect, Plaintiff contends that his failure to meet the Court's deadlines was excusable neglect.

However, "mistake or excusable neglect" is not a recognized basis for Rule 59(e) reconsideration. *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (recognizing manifest error of law or fact, newly discovered evidence or previously unavailable evidence, manifest injustice, and intervening change in controlling law as cognizable grounds for Rule 59(e) reconsideration); *see also Mendoza v. Garland*, 2023 WL 6050581, at *2 (S.D. Cal. Sept. 15, 2023) (denying Rule 59(e) motion based on mistake or excusable neglect). Thus, Plaintiff's failure to comply with court deadlines due to extenuating circumstances, by itself, is not a basis for granting reconsideration.[1]

Plaintiff also fails set forth facts showing that manifest injustice would result if the Court denies his motion. "Courts of the Ninth Circuit generally treat 'manifest injustice' as very nearly synonymous with 'clear error,' defining manifest injustice as any 'error in the trial court that is direct,

---

[1] The Court notes that Plaintiff was granted two extensions of time to comply with the Court's April 4, 2023 Screening Order. Then, he had 37 days to file objections to the magistrate judge's Finding and Recommendations to dismiss the case before they were adopted by the Court, for a total of 155 days. (*See* docket).

obvious and observable, such as a defendant's guilty plea that is involuntary.'" *Greenspan v. Fieldstone Fin. Mgmt. Grp., LLC*, 2018 WL 4945214, at *20 (D. Or. Aug. 22, 2018); *see also In re Oak Park Calabasas Condominium Ass'n*, 302 B.R. 682, 683 (Banks. C.D. Cal. 2003) (citing Black's Law Dictionary 563 (7th ed. 1999)) (defining manifest injustice under Rule 59(e)). "Manifest injustice," as it pertains to Rule 59(e), is not to be used as a Trojan Horse to breach a court order for a second chance at litigating the same issue. *All. for Wild Rockies v. United States Forest Serv.*, 2020 WL 7082687, at *2 (D. Idaho Dec. 3, 2020). Plaintiff has not set forth any facts to indicate a "direct, obvious and observable" error in the trial court that would constitute manifest injustice. Thus, he fails to meet his burden to justify reconsideration on that basis.

Ultimately, Plaintiff's motion consists of reasons he was unable to comply with court deadlines, despite having nearly six months to do so. Plaintiff fails to present any newly discovered evidence, show that the Court committed clear error, or argue an intervening change in controlling law that would necessitate alteration or amendment of the judgment. *Wood*, 759 F.3d at 1121. Rather, Plaintiff merely disputes the findings of the Court and contends that his failure to prosecute was due to excusable neglect, which, as noted above, is insufficient to support the relief requested. *See Gates v. Colvin*, 2017 WL 8220232, at *1 (C.D. Cal. Sept. 5, 2017) ("Mere disagreement with the result does not justify the filing of a Rule 59(e) motion.") (citing *U.S. ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002)); *see also Mendoza*, 2023 WL 6050581 at *2.

Plaintiff's Motion to Reopen Case reiterates the same reasons set forth in the Rule 59(e) motion as to why the Court should reconsider its September 6, 2023 order. (*See* Doc. 64.) His Motion to Expedite summarizes those reasons and asks the Court to move expeditiously in granting his requested relief. (*See* Doc. 65.) Because the Court, for the reasons stated herein, denies the Rule 59(e) motion, Plaintiff's Motion to Reopen Case and Motion to Expedite are also denied as moot. Thus, the Court **ORDERS**:

1. Plaintiff's "Notice of Timely Filed Delay & Notice of Continuance to Court Ordered Deadlines Request Reconsideration – Re-Open Case, Good Case [sic]" (Doc. 63), construed as a motion for relief under Rule 59(e), is **DENIED**.

2. Plaintiff's Motion to Reopen Case (Doc. 64) and Motion to Expedite (Doc. 65) are

1 **DENIED** as moot.

IT IS SO ORDERED.

Dated:   **January 4, 2024**

_____
UNITED STATES DISTRICT JUDGE